**IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW MEXICO**

RODRIGO CARRASCO

      Plaintiff,

v.                                                                                                                          No._____

COMMERCIAL ALLIANCE INSURANCE COMPANY

      Defendant.

## **NOTICE OF REMOVAL**

      Defendant Commercial Alliance Insurance Company (hereinafter "CAIC"), by and through its undersigned counsel of record, Simone, Roberts & Weiss, P.A., hereby files its Notice of Removal.  In support thereof, CAIC respectfully shows the Court as follows:

      1.      Plaintiff commenced this lawsuit by filing his Complaint as Rodrigo Carrasco v. Commercial Alliance Insurance Company, Defendant, in the First Judicial District Court, County of Santa Fe, State of New Mexico, in Cause No. D-0101-CV-2010-02790 as a result of an accident which occurred on or about June 14, 2006, involving Transportes Soto e Hijos in Mexico.

      2.      Plaintiff's lawsuit is a civil action against CAIC, the alleged insurer for Transportes, and alleges that CAIC is directly liable to him for damages as a result of the June 14, 2006, accident.

      3.      CAIC was served via mail on or about September 9, 2010 and accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).  No responsive pleadings to the Complaint have been filed in the state court action.

      4.      To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and

costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blakinship*, 20 F.3d 383, 386 (10th Cir.1994).

5. Upon information and belief, the matters in controversy exceed the sum of value of $75,000.00, exclusive of interests and costs. Plaintiff alleges that the Dollar amount in controversy is $250,000 plus interest and court costs.

6. CAIC is a Texas Corporation created under the Laws of the State of Texas, with its principal place of business in Texas.

7. According to the pro se Complaint, Plaintiff is a resident of Santa Fe County, Santa Fe, New Mexico.

8. There is diversity of citizenship between the Plaintiff and Defendant pursuant to 28 U.S.C. § 1332 (a).

9  In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and Orders served upon CAIC in this action are attached hereto as **Exhibit A**.

10. A copy of Commercial Alliance Insurance Company's Notice of Filing of Removal, filed with the First Judicial District Court, County of Santa Fe is hereby attached as **Exhibit B**.

WHEREFORE, Defendant Commercial Alliance Insurance Company hereby gives notice that this case is removed from the First Judicial District, County of Santa Fe, State of New Mexico, to the United States District Court, for the District of New Mexico.

Respectfully submitted,

SIMONE, ROBERTS & WEISS, P.A.


_____/s/_____
MEENA H. ALLEN
Attorney for Defendant
11200 Lomas Blvd., NE, Suite 210
Albuquerque, NM  87112
(505) 298-9400
mallen@srw-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully, reflected on the Notice of Electronic Filing:

Rodrigo Carrasco, Pro Se
4180 Chapparon Place
Santa Fe, NM 87507
(505) 470-8970

_____/s/_____
Meena H. Allen