## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**RODRIGO CARRASCO,**

    Plaintiff,

v.   **No.10cv838 MV/KBM**

**COMMERCIAL ALLIANCE INSURANCE COMPANY,**

    Defendant,

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant's Motion for Summary Judgment*, filed December 30, 2011 (Doc. 38). Having carefully reviewed the parties' submissions, the relevant law, and the certificate of insurance coverage at issue, and being otherwise fully advised, I find that the Defendants' Motion is well taken and will be granted.

### UNDISPUTED FACTS AND PROCEDURAL BACKGROUND

Pro se Plaintiff Rodrigo Carrasco, a New Mexico resident, was involved in a truck accident on June 14, 2006, with a semi-truck owned by Transportes Soto e Hijos. *See* Compl. at 1 (Doc. 1, Ex. A). The semi-truck was insured by Defendant Commercial Alliance Insurance Company ("CAIC"), a corporation with its principal place of business located in Houston, Texas. *See id*. "The accident happened 4.9 miles from the [United States] border on an International Entrance Post in Juarez, Mexico." Compl., Att. 1. Mr. Carrasco filed a tort Complaint against CAIC on August 5, 2010 in the First Judicial District Court, Santa Fe County, New Mexico, in Cause No. D-0101-CV-2010-02790, which the Defendant removed to this Court on the basis of diversity jurisdiction. *See* Doc. 1 at 1. Mr. Carrasco seeks $250,000 in damages for medical bills, lost wages, and pain and suffering resulting from the accident. *See* Compl. at 1. He brought suit directly against CAIC, the insurer, because the trucking company "has been neglecting to pay the damages caused by the

accident." *Id.* at Att. 1[1].  After the parties engaged in discovery, Defendant filed its motion for summary judgment.

CAIC has submitted documents showing that Transportes Soto e Hijos purchased a "Non-Resident auto liability policy" from it.  *See* Doc. 39, Ex. B.  At the top of the certificate of coverage are the words:  "No Otorga Cobertura En Mexico" ("no coverage in Mexico").  *Id.* Ex. C.  The certificate of coverage states that "coverage is valid **only in the U.S.A.** for trucks and tractor units . . . crossing the border from the Republic of Mexico" and that it applies to accidents occurring in the United States "up to 0-50 miles of the port of entry."  *See id.* (emphasis added).  Although Mr. Carrasco has submitted several documents, nothing he submits contradicts the terms of the certificate of coverage.

## ANALYSIS

CAICO moves for summary judgment on several bases, but I need not analyze every basis if I find that one basis exists for granting judgment in its favor.  *See* FED. R. CIV. P. 56(a) (providing that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law.")[2]; *Celotex Corp. v.*

---

[1] Mr. Carrasco presented evidence that he filed a lawsuits against Transportes Soto e Hijos and its owners in New Mexico, and he has also filed suit against his own insurance company in New Mexico.  *See* Doc. 12, Att. 1 at 4-8.  Defendant presented evidence that Mr. Carrasco, appearing through counsel, also brought suit against Transportes Soto e Hijos in Texas in 2007, which apparently was dismissed with prejudice in 2008 without resolution on the merits.  *See* Doc. 39, Exs. D, & E at 2.

[2] "Rule 56 has recently been amended, effective December 1, 2010. The summary judgment standard previously enumerated in subsection (c) was moved to subsection (a), and there was one word change from the previous version—genuine 'issue' became genuine 'dispute.' Fed. R. Civ. P. 56 advisory committee note (2010 Amendments). But the 'standard for granting summary judgment remains unchanged.'  *Id.*"

*Catrett*, 477 U.S. 317, 325 (1986) (noting that a summary-judgment movant need not negate all the nonmovant's claims, but need only point to an "absence of evidence to support the nonmoving party's case"). "When applying th[e summary-judgment] standard, [the court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (internal quotation marks omitted).

Because this is a diversity case, I apply New Mexico law. *Butt v. Bank Of Am., N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007) ("When exercising diversity jurisdiction, we apply state law with the objective of obtaining the result that would be reached in state court."); *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994) ("A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state."). "[T]he policy of New Mexico is to interpret insurance contracts according to the law of the place where the contract was executed." *Shope v. State Farm Ins. Co.*, 122 N.M. 398, 400, 925 P.2d 515, 517 (1996); *Demir v. Farmers Texas County Mut. Ins. Co.*, 140 N.M. 162, 164-65, 140 P.3d 1111, 1113-1114 (Ct. App. 2006) ("When differences between the law of the forum state and the law of the state where the contract was executed concern only contract interpretation, we will apply the law of the state where the parties entered the contract.") (citing *Shope v. State Farm Ins. Co.*, 122 N.M. 398, 400, 925 P.2d 515, 517 (1996)). But New Mexico courts apply New Mexico contract law if applying the law of another state would "result in a violation of fundamental principles of justice" of New Mexico. *State Farm Mut. Auto. Ins. Co. v. Ballard*, 132 N.M. 696, 698, 54 P.3d 537, 539 (2002) (internal quotation marks and citation omitted).

CAIC does not inform the Court where the insurance contract between Transportes Soto e Hijos and CAIC was executed; it does not provide a copy of the actual insurance contract; and it does not inform the Court which state's law should apply to interpret the certificate of coverage.

But Mr. Carrasco has informed the Court that Transportes Soto e Hijos has a "general manager" with offices in El Paso, Texas, *see* Doc. 12 at 1; *see also* Compl. at 1 (listing same El Paso address as address of insured), so the Court will assume that Transportes Soto e Hijos executed the Texas insurance contract in Texas at its general manager's offices. Thus, the Court analyzes the coverage issue under Texas law. Under both New Mexico and Texas state law, however, to determine insurance coverage, the Court looks to the terms of an insurance contract and gives them their usual and ordinary meaning if the contract is not ambiguous. *See Safeco Insurance Co. of America, Inc. v. McKenna*, 90 N.M. 516, 565 P.2d 1033, 1037 (1977) (stating that the "obligation of a liability insuror is contractual and is to be determined by the terms of the policy"); *Commerce Bank v. Reliance Ins. Co.*, 105 N.M. 346, 347, 732 P.2d 873, 875 (1987) ("unambiguous insurance contracts must be construed in their usual and ordinary sense"); *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 753 (Tex. 2006) ("[W]here the language is plain and unambiguous, courts must enforce the [insurance] contract as made by the parties, and cannot make a new contract for them, nor change that which they have made under the guise of construction."). Thus, my analysis is the same whether Texas or New Mexico law applies.

Here, the certificate of coverage expressly states that CAIC does not provide insurance coverage for accidents involving Transportes Soto e Hijos' semi-truck that occur in Mexico. Contrary to Mr. Carrasco's contention, the distance from the border in which CAIC coverage exists is 0-50 miles *into the United States* from the border, not 0-50 miles into Mexico from the border. Because it is undisputed that Mr. Carrasco's accident occurred in Mexico, insurance coverage does not exist under Transportes Soto e Hijos' policy with CAIC, and, as a matter of law, he has no claim against CAIC. Therefore, summary judgment must be entered in favor of CAIC.

**IT IS ORDERED** that CAIC's motion for summary judgment (Doc. 38) is GRANTED, and the Complaint is DISMISSED with prejudice; and any other pending motion is DENIED as moot.

**DATED** this 28th day of March, 2012.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**