UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODRIGO CARRASCO,

      Plaintiff,

v.                                          Civ. No. 10-0838 MV/KBM

COMMERCIAL ALLIANCE INSURANCE
COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Relief from Order (filed as Memorandum Opinion and Order) ("Plaintiff's Motion for Relief") [Doc. 46]. The Court, having carefully considered the Motion for Relief, the parties' submissions, and the relevant law, and being otherwise fully informed, finds that the Motion for Relief is not well taken and will be DENIED.

## BACKGROUND

Plaintiff's Complaint arises out of a motor vehicle accident that occurred on June 14, 2006, in Juarez, Mexico, approximately five miles from the border of the United States. The accident involved a vehicle driven by Plaintiff and a vehicle driven by Hector Manuel Dominguez Acosta, who was employed by Transportes Soto e Hijos. The vehicle driven by Mr. Dominguez Acosta was insured by Defendant Commercial Alliance Insurance Company ("CAIC"). The vehicle driven by Plaintiff was insured by State Farm Insurance Company.

Specifically, Transportes Soto e Hijos purchased a Non-Resident automobile liability policy from CAIC. The CAIC policy was effective from April 1, 2006, through April 1, 2007. The CAIC policy's Certificate of Insurance expressly provides in bold, capital letters near the top of the one-page document that the policy does not provide insurance coverage for accidents that

occur in Mexico. The CAIC Certificate of Insurance further provides that "[c]overage is valid only in the U.S.A., for trucks and tractor units (including attached semi-trailers) crossing the border from the Republic of Mexico," and that this coverage extends within the United States "ONLY up[] to **0-50 miles** from the port of entry." *See* Pl's Exh. B, attached to Doc. 40.

On December 30, 2011, Defendant CAIC filed a Motion for Summary Judgment and Memorandum in Support on the grounds that (1) Plaintiff's Complaint is barred by the statute of limitations, (2) Plaintiff has no standing to sue Defendant, a third-party carrier with whom Plaintiff is not in privity of contract, (3) the CAIC policy does not provide coverage for accidents occurring in Mexico, and (4) Plaintiff's claims are barred by the doctrine of collateral estoppel because Plaintiff's underlying complaint alleging negligence against CAIC's insured was dismissed with prejudice. On March 28, 2012, the Court issued a Memorandum Opinion and Order ("March 28, 2012, Order") granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's Complaint with prejudice on the ground that the CAIC policy does not cover accidents occurring in Mexico. On June 8, 2012, Plaintiff filed his Motion for Relief, asking the Court to reconsider its March 28, 2012, Order.

## STANDARD

Although Plaintiff does not explicitly identify the Federal Rule pursuant to which he seeks relief, Defendant assumes, as does this Court, that Plaintiff brings his Motion pursuant Federal Rule of Civil Procedure 59(e) or 60(b), both which provide for relief from a court's final orders. Federal Rule of Civil Procedure 59 provides that a district court may alter or amend a judgment "for any reason for which a rehearing has heretofore been granted in a suit," Fed. R. Civ. P. 59(a)(1)(B), on a party's motion filed no later than 28 days after the entry of the

judgment, *see id.* at 59(e). The Federal Rules further provide that a court may not extend the 28-day deadline set forth in Rule 59(e). *See id.* at 6(b)(2).

Federal Rule of Civil Procedure 60(b) provides that a district court may relieve either party from a judgment or final order. *See id.* at 60(b); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). Rule 60(b) allows for relief from judgment in cases of "mistake, inadvertence, surprise, or excusable neglect," when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (2), (6); *see also Sky Harbor Air Serv., Inc. v. Reams*, Nos. 11-8004, 11-8025, 11-8062, 2012 WL 2948180, at *14 (10th Cir. July 20, 2012). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Drosejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011). "[M]otion[s] under Rule 60(b) must be made within a reasonable time," which is no more than one year in some circumstances and open-ended in others. *See* Fed. R. Civ. P. 60(c); *see also Burns v. Buford*, Nos. 11-1260, 11-1318, 2011 WL 5925589, at *2 (10th Cir. Nov. 29, 2011).

## **DISCUSSION**

In his Motion for Relief, Plaintiff asks the Court to reconsider its March 28, 2012, Order, and allow Plaintiff to present his case to a jury. In support of his Motion, Plaintiff argues that his State Farm insurance agent Robert Maldonado informed him that his State Farm policy covered his vehicle in Mexico up to 25 to 50 miles past the border of the United States. *See* Pl's Mot. for Relief, ¶ 1. Plaintiff further contends that he purchased State Farm insurance and paid the premiums based upon his agent's representations, and that it would be unjust not to allow him to present his case to a jury. *See id.*, p. 2. Defendant maintains that the Court should deny

3

Plaintiff's Motion for Relief on the grounds that (1) the Motion is untimely, and (2) the Motion fails to set forth grounds for granting a Rule 59(e) or 60(b) motion.[1]

With respect to Defendant's first argument, a Motion pursuant to Rule 59(e) must be brought within 28 days after the entry of judgment. *See* Fed. R. Civ. P. 59(e); *see also id.* at 6(b)(2) (the Federal Rules explicitly provide that the Court may not extend this 28-day deadline). "Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion," however, "depends upon the time in which the motion is filed." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). If a party files a Rule 59(e) motion beyond the rule's time limit, a court may construe the motion as falling under Rule 60(b). *See id.* Rule 60(b) motions must only be "made within a reasonable time," which is no more than one year in some circumstances and open-ended in others. *See* Fed. R. Civ. P. 60(c).

The Court entered summary judgment on March 28, 2012. Plaintiff filed his Motion for Relief 72 days later on June 8, 2012. Accordingly, to the extent Plaintiff's Motion for Relief is based upon Rule 59(e), that motion is untimely. The Court, however, construes Plaintiff's Motion for Relief as a motion falling under Rule 60(b). The Court further concludes that a 72-day time delay is not unreasonable on the facts here and that to the extent that Plaintiff's Motion seeks relief pursuant to Rule 60(b), the Motion is not untimely.

Although the Court is not persuaded by Defendant CAIC's first argument, the Court agrees with Defendant CAIC's second argument that Plaintiff has failed to present any ground justifying extraordinary relief pursuant to Rule 60(b). The Court may grant relief pursuant to Rule 60(b) in cases of "mistake, inadvertence, surprise, or excusable neglect," where there is

---

[1] Defendant also argues that the Court should deny some of the relief requested in Plaintiff's Motion because that relief is beyond the scope of the Complaint. The Court declines to consider this argument, because the Court denies Plaintiff's Motion in its entirety on other grounds.

4

"newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," or for any other reason that justifies relief. *See id.* at 60(b)(1), (2), (6). Plaintiff's Motion for Relief alleges none of these grounds.

Rather, Plaintiff seeks relief on the basis that his State Farm policy covers accidents in Mexico. Specifically, Plaintiff argues that his State Farm agent Mr. Maldonado informed him that his State Farm policy would cover his vehicle in Mexico up to 25 to 50 miles from the border of the United States. *See* Pl's Mot. for Relief, ¶ 1. This evidence, however, does not constitute evidence of mistake, inadvertence, surprise, or excusable neglect. Nor does it constitute "newly discovered evidence" within the meaning of Rule 60(b). Rather, the evidence that Plaintiff's State Farm policy covered accidents in Mexico is the same evidence and argument that Plaintiff made in his original opposition to Defendant CAIC's Motion for Summary Judgment. *See* Pl's Resp. to Def's Mot. for Summ. J. [Doc. 40], Exh. D (excerpt from website indicating that "State [F]arm auto insurance cover[age] is valid . . . 25 miles inside the Mexican border"). A presentation of the same evidence is not a sufficient ground to justify extraordinary relief under Rule 60(b). *See, e.g., Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003) (motion for relief from judgment is "not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed"), *aff'd* Nos. 03-1431, 03-1432, 2004 WL 2370634 (10th Cir. Oct. 15, 2004); *Donovan v. Sovereign Sec., Ltd.*, 726 F2d 55, 60 (2d Cir. 1984) (party may not seek relief from judgment simply to relitigate matters settled by the original judgment).

In his Motion for Relief, Plaintiff asks this Court to explain why the Court will not allow a jury to decide his claim. The Court has rejected Plaintiff's arguments because although Plaintiff claims that the CAIC policy covers accidents that occur within Mexico, none of the

5

evidence before the Court actually indicates that the CAIC policy covers accidents occurring in Mexico. As the Court explained in its March 28, 2012, Order, the CAIC policy "expressly states that CAIC does *not* provide insurance coverage for accidents involving Transportes Soto e Hijos' semi-truck that occur in Mexico." Mar. 28, 2012, Order, p. 4 (emphasis added).

Moreover, even Plaintiff's own evidence—including the alleged statement of Plaintiff's State Farm insurance agent Mr. Maldonado that Plaintiff's State Farm policy covers accidents in Mexico, up to 25 to 50 miles from the United States' border—is insufficient to establish that the CAIC policy provides coverage for accidents occurring in Mexico. The Defendant in this case is *not* State Farm Insurance Company. Rather, Plaintiff has sued Defendant CAIC, which is the insurance company that issued the policy of coverage for the vehicle that Plaintiff alleges caused the damage. The scope of Plaintiff's State Farm policy for Plaintiff's own vehicle, as represented by Plaintiff's State Farm agent, therefore is not relevant to the question at issue in this case—namely, whether the CAIC policy provided coverage for the vehicle driven by Mr. Dominguez Acosta within Mexico. Moreover, to the extent Plaintiff assumes that evidence that his State Farm policy covers accidents occurring in Mexico means that Defendant CAIC's insurance policy likewise covers accidents occurring in Mexico, this assumption has no merit. Rather, as the Court explained in its March 28, 2012, Order, it is the plain language of the CAIC policy that determines the scope of coverage, and that language specifically provides that the CAIC policy does not cover accidents occurring in Mexico. *See* Mar. 28, 2012, Order (noting that under New Mexico and Texas state law, to determine the existence of insurance coverage, a court must look to the terms of the insurance contract and give them their usual and ordinary meaning if the contract is not ambiguous) (citing *Safeco Ins. Co. v. McKenna*, 565 P.2d 1033, 1037 (N.M. 1977); *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 753 (Tex. 2006)).

Plaintiff's additional arguments in his Motion for Relief that a "Free Trade Agreement clearly states that the coverage of insurance policies is for the entire United States and Canada," or that the alleged non-contextual statement of Defendant CAIC's attorney that the coverage is based on "50 miles [a]s a RADIUS, from El Paso, Texas and Ciudad Juarez," Pl's Mot. for Relief, ¶ 2, likewise do not constitute sufficient grounds for granting extraordinary relief pursuant to Rule 60(b). Rather, it is the terms of the insurance contract that indicate the scope of the CAIC policy's coverage, *see id.* (citing *Safeco*, 565 P.2d at 1037; *Fiess*, 202 S.W.3d at 753), and not the content of a Free Trade Agreement or the alleged statements of an attorney.

Where, as here, the terms of the CAIC policy expressly provide that no coverage exists in Mexico, and Plaintiff has not provided any newly-discovered evidence that indicates the Court should look beyond the insurance contract's plain language or otherwise set forth a sufficient ground for Rule 60(b) relief, the Court declines to grant Plaintiff's Motion for Relief. Accordingly, the Court's March 28, 2012, Order, granting Defendant CAIC's Motion for Summary Judgment and dismissing Plaintiff's Complaint with prejudice remains in effect.

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that Plaintiff's Motion for Relief from Order (filed as Plaintiff's Memorandum Opinion and Order) [Doc. 46] is hereby DENIED.

DATED this 7th day of November, 2012.

_____
MARTHA VÁZQUEZ
United States District Court Judge

7